NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 26 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GREGORY L. BROWN,

    Plaintiff - Appellant,

  v.

Doctor D. NGUYEN; Acting Warden
TRENT ALLEN; LAURA ELDRIDGE; S.
SAWYER; S. GATES; Correctional Officer
T. SCHLIG; E. HOWARD; B. LOMELI; R.
RUIZ; B. MICHELS; M. NAVARRO; C/O
N. WILLIAMS; C. VANG; Sergeant M.
ATCHLEY,

    Defendants - Appellees.

No. 24-6596

D.C. No. 3:23-cv-00593-WHO

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Submitted June 22, 2026[**]

Before:    CANBY, BENNETT, and BADE, Circuit Judges.

California state prisoner Gregory L. Brown appeals pro se from the district

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's summary judgment and dismissal order in his 42 U.S.C. § 1983 action alleging various constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1259 (9th Cir. 2021) (summary judgment); *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly granted summary judgment on Brown's Eighth Amendment claim against defendant Nguyen because Brown failed to raise a genuine dispute of material fact as to whether Nguyen was deliberately indifferent in treating Brown's back pain. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (explaining that a difference of opinion between a plaintiff and his doctor or between medical professionals is insufficient to show deliberate indifference because a plaintiff must show that the chosen course of treatment was "medically unacceptable under the circumstances" and "chosen in conscious disregard of an excessive risk to [the prisoner's] health" (citation and internal quotation marks omitted)).

The district court properly dismissed Brown's claims against defendants Allen, Atchley, Gates, Howard, Lomeli, Ruiz, Schlig, and Sawyer because Brown failed to allege facts sufficient to state any plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (explaining that, although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state

a plausible claim for relief); *see also Baze v. Rees*, 553 U.S. 35, 50 (2008) (instructing that for conditions of confinement to violate the Eighth Amendment on the basis of a risk of future harm, "the risk must be '*sure or very likely* to cause serious illness and needless suffering,' and give rise to 'sufficiently *imminent* dangers'" (quoting *Helling v. McKinney*, 509 U.S. 25, 34-35 (1993)); *Peck v. Montoya*, 51 F.4th 877, 889 (9th Cir. 2022) (explaining that "an official whose individual actions do not themselves rise to the level of a constitutional violation may be held liable under section 1983 only if the official is an integral participant in the unlawful act" (citation and internal quotation marks omitted)); *Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011) (explaining that supervisors may not be held vicariously liable under § 1983 for the actions of their subordinates and describing requirements for supervisory liability).

The district court properly dismissed without prejudice Brown's claims against defendants Eldridge, Michels, Navarro, Williams, and Vang because these claims did not arise "out of the same transaction, occurrence, or series of transactions or occurrences" as the rest of Brown's action. Fed. R. Civ. P. 20(a)(2) (describing requirements for joinder of defendants); *see also* Fed. R. Civ. P. 21 (establishing that courts may drop parties and sever claims in the case of misjoinder).

We do not consider arguments and allegations raised for the first time on

3

appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Nguyen's motion (Docket Entry No. 26) for judicial notice is denied as unnecessary.

**AFFIRMED.**